Matter of Curry v New York City Hous. Auth. (2015 NY Slip Op 00626)





Matter of Curry v New York City Hous. Auth.


2015 NY Slip Op 00626


Decided on January 27, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2015

Tom, J.P., Acosta, Saxe, Moskowitz, Feinman, JJ.


14026 400521/13

[*1] In re Debra Curry, Petitioner,
v
New York City Housing Authority, Respondent.


Debra Curry, petitioner pro se.
David I. Farber, New York (Laura R. Bellrose of counsel), for respondent.



Determination of respondent New York City Housing Authority, dated December 19, 2012, which, after a hearing, denied petitioner succession rights as a remaining family member to the tenancy of her late mother, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Shlomo Hagler, J.], entered December 3, 2013), dismissed, without costs.
Respondent's determination is supported by substantial evidence (see Matter of Purdy v Kreisberg, 47 NY2d 354, 358 [1979]). Petitioner conceded that her mother, the tenant of record, had never obtained respondent's written consent for petitioner's occupancy (see Matter of King v New York City Hous. Auth., 118 AD3d 636, 636 [1st Dept 2014]).
The doctrine of estoppel cannot be invoked against respondent (see Matter of New York State Med. Transporters Assn. v Perales, 77 NY2d 126, 130 [1990]; see also King, 118 AD3d at 637). Nor do petitioner's mitigating factors provide a basis for annulling respondent's determination (see King, 118 AD3d at 637).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 26, 2015
CLERK